Mark F. Anderson (SBN 44787)
mark@aoblawyers.com
Anderson, Ogilvie & Brewer LLP
235 Montgomery Street, Suite 914
San Francisco, CA 94104
Phone: (415) 651-1951
Email: mark@aoblawyers.com

Attorneys for Plaintiff Saiid Bashir Mohamed

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Saiid Bashir Mohamed,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Experian Information Solutions, Inc, an Ohio corporation;<br>Trans Union LLC, a Delaware limited liability company;<br>Equifax Information Services, LLC, a Georgia limited liability company;<br>Citibank, N.A.; and<br>Wells Fargo Bank, N.A.;<br><br>　　　　Defendants. | Case No.<br><br>COMPLAINT<br><br>(Fair Credit Reporting Act<br>15 USC § 1681 *et seq*)<br><br>DEMAND FOR JURY TRIAL |

**Preliminary Statement**

1.　This is an action for damages brought by plaintiff Saiid Bashir Mohamed against defendants Experian Information Solutions, Inc. ("Experian"), Trans Union LLC ("Trans Union"); Equifax Information Services, LLC; Citibank, N.A. ("Citi); and Wells Fargo Bank, N.A. ("WFB") for violations of the Fair Credit Reporting Act, 15 USC §1681 *et seq*. (FCRA).

//

//

**The Parties**

2. Plaintiff Saiid Bashir Mohamed is an individual consumer who lives in Santa Clara, California.

3. Defendant Experian is an Ohio corporation with its principal place of business in Costa Mesa, California.

4. Defendant Trans Union LLC is a Delaware corporation with its principal place of business in Chicago, Illinois.

5. Defendant Citibank, N.A. is a national bank

6. Defendant Wells Fargo Bank, N.A. is a national bank.

**Jurisdiction & Venue**

7. The court has federal question jurisdiction over the FCRA claims pursuant to 15 USC §1681p.

8. The court has supplemental jurisdiction over the state law claims pursuant to 15 USC § 1367.

9. The defendants regularly conducts business in this district and the events described in this complaint arose in this district.

**Description of the Case**

10. For at least the last two years, defendants Experian, Trans Union, and Equifax (collectively the "defendant CRAs") have been reporting that Plaintiff is delinquent on a Citibank credit card account and a WFB car loan both of which belong to another person whose name is the same as that of the Plaintiff.

11. Plaintiff has disputed the inaccurate reports by talking to representatives of each of the defendants by telephone on many occasions during the past two years each time asking them to delete the Citi and WFB accounts that do not belong to him.

12. Each time Plaintiff disputed the inaccurate reports, the defendants failed to conduct a reasonable investigation to determine if the accounts belong to Plaintiff.

13. Proof that none of the defendants conducted a reasonable investigation lies in the fact that upon being contacted by Plaintiff, his attorney, who subscribes to TLOxp, a service owned by defendant Trans Union, searched for reports entering plaintiff's name. TLOxp returned reports on Plaintiff and on another person with the same name, who lives in Oakland, CA. The cost was $20 and took about 5 minutes. None of the defendants' representatives could be troubled to perform such a basic, low cost, easy investigation to see if Plaintiff was correct in saying the two accounts belonged to someone else. Which is proof defendants were negligent.

14. The background reports list six (6) addresses in Oakland, one in Emeryville, and one in San Leandro associated with Plaintiff that belong to the other Saiid Bashir Mohamed. TLOxp gets its data, including address information, from credit files maintained by the defendant CRAs which proves that the defendant CRAs have mixed the other Saiid Bashir Mohamed's files with Plaintiff's files.

15. Plaintiff is 32 years old. The other Saiid Bashir Mohamed is 59 years old. Plaintiff has lived in only two places in his life, Detroit, Michigan, and at one location in Santa Clara, CA.

16. In investigating Plaintiff's disputes, none of the defendants apparently checked to see if they had the right person by checking dates of birth. If they had done so, they would have been alerted that they were reporting information that did belong to Plaintiff. The same goes for social security numbers. Plaintiff's social and that of the other Saiid Bashir Mohamed are not at all alike. Plaintiff has never lived in Oakland, Emeryville or San Leandro.

17. Each dispute Plaintiff initiated against the CRAs triggered a requirement that the agency conduct a reasonable investigation as to the accuracy of its reporting. The agencies were required to send notice to defendant Citi and WFB that Plaintiff was disputing the account. Upon

receiving such notices, Citi and WFB each were required to conduct a reasonable investigation of the accuracy and completeness of the account.

18. Each of the defendants failed to conduct reasonable investigations concerning the accuracy of the account.

19. As a result of defendants' negligence, Plaintiff has suffered actual damages in the form of (a) lost credit opportunities, b) harm to credit reputation and credit score, and (c) emotional distress in the form of mental pain, anguish, humiliation, embarrassment, anxiety and frustration.

**First Claim: Violations of the Fair Credit Reporting Act—Against Experian, Trans Union & Equifax**

20. Plaintiff incorporates by reference ¶¶ 1 through 19.

21. Defendants failed to comply with 15 U.S.C. § 1681i.

22. The FCRA provides that if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consume notifies the agency directly of such dispute, the agency shall conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate, or delete the item from the file within 30 days of receiving the consumer's dispute notice. 15 USC § 1681i(a)(1) (A).

23. In conducting its reinvestigation of disputed information in a consumer report, the credit reporting agency is required to "review and consider all relevant information submitted by the consumer."

24. Within the two years preceding the filing of this complaint, Plaintiff notified defendants about the inaccuracies contained in its reports and asked them to correct the inaccuracies.

25. Defendants failed to conduct a reasonable reinvestigation of the inaccuracies that Plaintiff disputed.

26. Defendants each failed to review and consider all relevant information submitted by Plaintiff.

27. Defendants failed to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports, information and file in violation of 15 USC § 1681e(b).

28. As a result of the above-described violations of § 1681i and § 1681e (b), Plaintiff has sustained damages.

29. The violations of the FCRA were willful and therefore Plaintiff is therefore entitled to also seek statutory and punitive damages.

30. The agencies' violations of the FCRA were willful and therefore Plaintiff is entitled to also seek statutory and punitive damages.

**Second Claim: Violation of the Fair Credit Reporting Act, 15 USC § 1681s-2(b) – Against Defendants Citi and WFB**

31. Plaintiff incorporates by reference ¶¶ 1-30.

32. The FCRA requires a furnisher, after receiving notice from a credit reporting agency that a consumer disputes information that is being reported by the furnisher, to conduct an investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

33. Within the last two years, the defendant furnishers provided inaccurate, misleading and incomplete information to the defendant credit bureaus.

34. The defendant furnishers violated sections 1681n and 1681o by engaging in the following conduct that violates 15 U.S.C. § 1681s-2(b):

(a) willfully and negligently failing to conduct an investigation of the inaccurate information that plaintiffs disputed;

(b) willfully and negligently failed to review all relevant information concerning plaintiffs' accounts;

(c)     willfully and negligently failing to report the results of investigations to the three credit reporting agencies;

(d)     willfully and negligently failing to report the inaccurate status of the inaccurate information to the CRAs;

(e)     willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by the three credit bureaus concerning the inaccurate information disputed by Plaintiff;

(f)     willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning Plaintiff's accounts to the CRAs;

(g)     willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 USC § 1681s-s(b); and

35.     As a result of the above-described violations of § 1681s-2(b), Plaintiff has been damaged.

**Third Claim: Violation of the California Consumer Credit Reporting Agencies Act, California Civil Code §§ 1785.25 (a) – Against Defendants Citi and WFB**

36.     Plaintiff incorporates by reference ¶¶ 1-35.

37.     California Civil Code § 1785.25 (a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

38.     Defendants Citi and WFB negligently and willfully furnished information to the credit reporting agencies it knew or should have known was inaccurate.

39.     Defendant Citi and WFB failed to make corrections to the information it was furnishing to the credit reporting agencies.

40.     Based on these violations of Civil Code § 1785.25 (a), Plaintiff is entitled to the remedies afforded by Civil Code § 1785.31, including actual damages, attorney's fees, pain and

suffering, injunctive relief, and punitive damages in an amount not less than $100 nor more than $5,000, for each violation as the Court deems proper.

### PRAYER

WHEREFORE, plaintiff prays for judgment as follows:

1. Actual, statutory and punitive damages;
2. Injunctive relief;
3. Costs and attorney's fees; and
4. Such other relief as the Court may deem proper.

Dated: July 30, 2015.

ANDERSON, OGILVIE & BREWER LLP

By  /s/ *Mark F. Anderson*
Mark F. Anderson
Attorney for Plaintiff

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues.

Dated: July 30, 2015.

ANDERSON, OGILVIE & BREWER LLP

By */s/ Mark F. Anderson*
Mark F. Anderson
Attorney for Plaintiff